# Exhibit "I"

**IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO. CACE22011787(5)**

**CITY OF FORT LAUDERDALE, a municipal
corporation of the State of Florida,**

     **Plaintiff,**

v.

**TERMINAL VENTURES, LLC, a Florida
limited liability company,**

     **Defendant.**

_____/

**TERMINAL VENTURES, LLC, a Florida limited
liability company,**

     **Counterclaim Plaintiff,**

v.

**CITY OF FORT LAUDERDALE, a municipal
corporation of the State of Florida,**

     **Counterclaim Defendant.**

_____/

## TERMINAL VENTURES, LLC'S OBJECTION IN RESPONSE TO THE CITY OF FORT LAUDERDALE'S NOTICE FOR TRIAL

Defendant/Counterclaim Plaintiff, Terminal Ventures, LLC ("TV"), by and through

undersigned counsel, hereby files its Objection in Response to the City of Fort Lauderdale's Notice

for Trial, and in support thereof states as follows:

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 08/18/2022 12:49:44 PM.****

1.      This matter began with an eviction action by Plaintiff/Counterclaim Defendant, the City of Fort Lauderdale ("City"), against TV related to the parties' commercial lease of Parcel 8G, located at the Fort Lauderdale Executive Airport.

2.      TV timely answered the City's complaint and filed affirmative defenses and a counterclaim, raising many issues in its responsive pleading that overlap with the City's eviction action.

3.      TV's ten affirmative defenses are: (1) retaliatory eviction; (2) equitable estoppel; (3) unclean hands; (4) equitable lien; (5) waiver; (6) premature eviction – insufficient time given for compliance; (7) defective notice; (8) modification through course of dealings; (9) prior material breach; and (10) no breach of contract.

4.      TV's counterclaim asserts three causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) inverse condemnation.

5.      On August 12, 2022, the City filed its Notice for Trial pursuant to the summary eviction procedure set forth in Florida Statutes Sections 51.011 and 83.21. *See* City's Notice for Trial, *attached hereto as Exhibit "A."*

6.      Alongside the instant Objection in Response to the City's Notice for Trial, TV has contemporaneously filed its Motion for Leave to Amend its Answer to the City's Complaint, in order to deny the City's allegation that it is entitled to the summary procedure provided in section 51.011, Florida Statutes.

7.      The question posed by the City's Notice for Trial, and TV's objection to it, is whether this multi-million dollar dispute between sophisticated parties can move forward now under the summary procedure. The answer, under controlling precedent, is no.

8.      A case consisting of one cause of action for the removal a commercial tenant, without more, is governed by the summary procedure outlined in Florida Statutes Section 51.011. *See* Fla. Stat. Sec. 83.21 (citing Section 51.011).[1]

9.      By definition, however, the summary procedure "applies only to those actions specified by statute or rule." Fla. Stat. Sec. 51.011. None of the causes of action within TV's counterclaim is subject to the summary procedure "by statute or rule." Accordingly, it is beyond dispute that the Florida Rules of Civil Procedure govern those causes of action. Indeed, the City's Notice for Trial does not suggest otherwise.

10.     Similarly, because of TV's affirmative defenses and counterclaim, the City's eviction action also cannot move forward under the summary procedure. This is where the parties disagree—but where Fourth District precedent precludes the City's request to use the summary procedure.

11.     *Cole v. Mendelsohn*, 531 So. 2d 397 (Fla. 4th DCA 1988) is on all fours. There, after the landlord filed an eviction action, the commercial tenants "filed affirmative defenses, and asserted a counterclaim." *Id.* at 397. The county court severed the action and transferred the issues raised by the affirmative defenses and counterclaim to the circuit court and denied the eviction action. *Id.*

12.     The Fourth District held that the county court erred and required that the whole action be transferred to the circuit court, where the eviction claim would be decided **after** the affirmative defenses and counterclaims:

---

[1] In its Complaint, the City alleges that it "is entitled to the summary procedure provided in Section 51.011, Florida Statutes," Compl. ¶ 1, but does not cite to Section 83.21. *See* Compl. ¶ 11 (citing Chapter 83 generally without reference to a specific provision).

> [I]t is apparent that the matter of eviction is inextricably interwoven into the issues contained in the affirmative defenses and counterclaim. Thus, the order denying eviction was premature. [T]he order of eviction must be vacated and the whole cause remanded to the circuit court with instructions **to rule upon the question of eviction after the circuit court has considered the merits of the affirmative defenses and counterclaim** filed by the tenants.

*Id.* (emphasis added); *see also Maida Vale, Inc. v. Abbey Rd. Plaza Corp.*, 96 So. 3d 1027, 1030 (Fla. 4th DCA 2012) ("where a tenant's counterclaims or affirmative defenses overlap or are 'inextricably interwoven into' the issues that must be decided in the eviction action, it is error to rule upon the eviction claim without resolving the matters raised by the tenant").

13.     TV's affirmative defenses and counterclaim overlap and are inextricably woven into the issues raised by the City's eviction action.

14.     The gravamen of the City's complaint is that TV did not complete certain improvements to the property under the lease. Compl. ¶¶ 7-8. Many of TV's affirmative defenses specifically relate to whether those improvements were excused by the City's conduct. *E.g.*, Second Affirmative Defense: Equitable Estoppel; Third Affirmative Defense: Unclean Hands; Fifth Affirmative Defense: Waiver; Eighth Affirmative Defense: Modification Through Course of Dealings. The same is true for the counterclaim's allegations. *E.g.*, Counterclaim ¶ 10 (the City "induc[ed] TV to postpone making site improvements that would be unnecessary after a transfer to Million Air"); *id.* ¶ 10 (describing the "City's support of the prospective sale and changes to the improvement requirements under the Lease Agreement").

15.     In its Notice for Trial, the City ignores the binding decisions of *Cole* and *Maida Vale*. Instead, it relies on an out-of-district case, *Camena Investments & Prop. Mgmt. Corp. v. Cross*, 791 So. 2d 595 (Fla. 3d DCA 2001). That case, however, did not involve a tenant objecting to the summary procedure and asserting affirmative defenses and a counterclaim. Quite to the contrary, the tenant in *Camena Investments* "voluntarily abandoned her defenses in the

expedited summary procedure provided for eviction actions." *Id.* at 597. That is nothing like the facts here, which mirror those in *Cole*.

16.      In summary, under *Cole*, any "question of eviction" must be considered "**after** the circuit court has considered the merits of the affirmative defenses and counterclaim filed by the tenants." 531 So. 2d at 397 (emphasis added); *see also Maida Vale*, 96 So. 3d at 1030 ("it is error to rule upon the eviction claim without resolving the matters raised by the tenant"). Accordingly, the summary procedure cannot apply to any aspect of this proceeding. *See also Herrell v. Seyfarth, Shaw, Fairweather & Geraldson*, 491 So. 2d 1173, 1177 (Fla. 1st DCA 1986) ("By allowing an action for possession of premises to proceed in circuit court, subject to all cognizable defenses raised by a tenant, we are not unaware that the landlord's right to be summarily restored to possession may be undermined.").[2] In other words, applying the summary procedure to adjudicate the City's eviction claim before reaching TV's affirmative defenses and counterclaim would contravene the express holding of *Cole*. Thus, the Florida Rules of Civil Procedure should apply to this entire proceeding.

WHEREFORE, Defendant/Counterclaim Plaintiff, Terminal Ventures, LLC, respectfully requests that this Court reject the City's Notice for Trial and enter an Order finding that the Florida Rules of Civil Procedure, not the summary procedure from Florida Statutes Section 51.011, apply to all parties' claims in this case, along with any other relief this Court deems just and proper.

---

[2] *Cole* expressly relied on *Herrell*. *See Cole*, 531 So. 2d at 397 ("Upon authority of *Herrell* . . .").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via the Florida Courts E-Filing Portal upon all parties listed on the attached Service List, on this 15th day of August, 2022.

**CONRAD & SCHERER, LLP**
633 South Federal Highway
Fort Lauderdale, FL 33301
Telephone: (954) 462-5500
Facsimile: (954) 463-9244
*Counsel for Defendant*

By: */s/ Michael E. Dutko, Jr.*
    Michael E. Dutko, Jr.
    Fla. Bar No. 72505
    mdutko@conradscherer.com
    William R. Scherer
    Fla. Bar No. 169454
    wscherer@conradscherer.com
    Thomas W. Arnst, Jr.
    Fla. Bar. No. 1010173
    tarnst@conradscherer.com

**E-SERVICE:**
wscherer@conradscherer.com
mdutko@conradscherer.com
tarnst@conradscherer.com
amayo@conradscherer.com
ekreiling@conradscherer.com
eservice@conradscherer.com

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

## SERVICE LIST

EDWARD A. DION
Florida Bar No. 267732
RONNIE ADILI
Florida Bar No. 140473
**Nabors, Giblin & Nickerson, P.A.**
8201 Peters Road, Suite 1000
Plantation, Florida 33324
(954) 315-0268
edion@ngnlaw.com
radili@ngnlaw.com
legal-admin@ngnlaw.com
**COUNSEL FOR PLAINTIFF,**
**CITY OF FORT LAUDERDALE**