# Exhibit "J"

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY FLORIDA

CITY OF FORT LAUDERDALE, a
municipal corporation of the State of Florida,

       Plaintiff,

v.

CASE NO.    CACE22011787(5)

TERMINAL VENTURES, LLC, a Florida
limited liability company,

       Defendant.

_____/

TERMINAL VENTURES, LLC, a Florida
limited liability company,

       Counterclaim Plaintiff,

v.

CITY OF FORT LAUDERDALE, a
municipal corporation of the State of Florida,

       Counterclaim Defendant.

_____/

**PLAINTIFF'S RESPONSE TO THE DEFENDANT TERMINAL VENTURES, LLC'S
OBJECTION TO THE NOTICE OF TRIAL**

Plaintiff, CITY OF FORT LAUDERDALE ("City") by and through its undersigned counsel, hereby files its Response to the Defendant, Terminal Ventures LLC's Objection to the Notice of Trial ("Objection") and states as follows:

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1.    The City owns property at 2400 West Cypress Creek Road, Fort Lauderdale Florida, located at the Fort Lauderdale Executive Airport (hereinafter referred to as "the

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

Premises").    On February 24, 2020, Defendant, Terminal Ventures LLC ("Defendant" or "Terminal") entered into a Lease Agreement with the City for the Premises.

2.    In consideration for entering into the Lease Agreement, Defendant was required to make certain substantial improvements on the Premises, defined as Phase 2 Improvements, which consisted of first floor interior remodeling and exterior improvements consisting of landscaping, painting, and restriping of the parking lot by December 31, 2020.

3.    When Defendant failed to complete the Phase 2 Improvements by the deadline, the City and Defendant entered into a Second Amendment to the Lease Agreement, extending the deadline to complete the Phase 2 Improvements by December 31, 2021. Further, Defendant was required to provide evidence satisfactory to the City that it had expended a minimum of Six Hundred and Twenty-Five Thousand Dollars ($625,000.00) for the Phase 2 Improvements by January 31, 2022.

4.    Defendant failed to complete the Phase 2 Improvements by December 31, 2021, and Defendant failed to provide *any* evidence to the City that it had expended $625,000.00 for the Phase 2 Improvements by January 31, 2022.

5.    As such, on April 15, 2022, the City sent the Defendant a Default and Notice of Termination Letter providing Defendant sixty (60) days to cure the default, otherwise the Lease Agreement would be terminated effective June 14, 2022.

6.    On July 5, 2022, the City filed a one count Complaint for Eviction against the Defendant under Sections 51.011 and Chapter 83, Florida Statutes, because Defendant failed to remove itself from the Premises.

7.    This cause is now before this Court because Defendant moved to transfer the case from County Court, Case Number COWE 22-1830(82) to Circuit Court because it filed a

2

Counterclaim seeking damages in excess of the County Court's jurisdictional limits.  In addition to the Counterclaim, Defendant filed its Answer and raised ten Affirmative Defenses, consisting of (1) retaliatory eviction; (2) equitable estoppel; (3) unclean hands; (4) equitable lien; (5) waiver; (6) premature eviction-insufficient time given for compliance; (7) defective notice; (8) modification through course of dealings; (9) prior material breach; and (10) no breach of contract.

8.    On August 12, 2022, the City filed its Notice of Trial pursuant to the Summary Eviction Procedure in Section 51.011, Florida Statutes.  Defendant filed its Objection on August 18, 2022.

## II.    <u>MEMORANDUM OF LAW</u>

**The City is Entitled to have its Eviction Count Heard Under Summary Procedure**

Section 83.21, Florida Statutes provides that "the landlord, the landlord's attorney or agent, applying for the removal of any tenant, shall file a complaint stating the facts which authorize the removal of the tenant, and describing the premises in the proper court of the county where the premises are situated and is entitled to the summary procedure provided in s. 51.011."  The City filed a Complaint for the removal of the Defendant under section 51.011 in County Court.  In fact, Defendant concedes that the City is entitled to have the eviction count heard under summary procedure. Objection at ¶8.  Thus, there should be no dispute regarding the City's entitlement to an expedited trial.

Defendant argues that its Affirmative Defenses and Counterclaim are not governed by the summary procedure statute and cites to a string of cases, none of which holds that the City is not entitled to have its eviction count heard pursuant to the summary procedure provided in Section 51.011, Florida Statutes.

While an affirmative defense or counterclaim that is inextricably interwoven into the issues of an eviction case should be heard at the same time as the eviction, as held in <u>Cole v. Mendelsohn</u>, 531 So. 2d 397 (Fla. 4th DCA 1998), nowhere does the Court hold that the trial court should not set the matter for trial under the summary procedure statute.  Similarly, in <u>Maida Vale Inc. v. Abbey Rd. Plaza Corp.,</u> 96 So. 3d 1027 (Fla. 4th DCA 2012), the Court's holding was identical to that in <u>Cole</u>, i.e., that a tenant's counterclaims or affirmative defenses that overlap with an eviction action should be decided at the same time. However, neither of those cases hold that the City is not entitled to an expedited trial under the summary procedure statute, only that the tenant's affirmative defenses be decided by the Court at the same time.

WHEREFORE, The City respectfully requests this Court to overrule Defendant's Objection, to expeditiously schedule this matter for a trial before a jury to consider the City's entitlement to an eviction together with any of Defendant's Affirmative Defenses that are intertwined with the eviction claim, and to hear Defendant's monetary damages claim as asserted in its Counterclaim separately and at a future time.

4

Respectfully submitted,


/s/ Edward A. Dion

EDWARD A. DION
Florida Bar No. 267732
RONNIE ADILI
Florida Bar No. 140473
Nabors, Giblin & Nickerson, P.A.
8201 Peters Road, Suite 1000
Plantation, Florida 33324
(954) 315-0268
edion@ngnlaw.com
radili@ngnlaw.com
legal-admin@ngnlaw.com

**COUNSEL FOR PLAINTIFF**
**CITY OF FORT LAUDERDALE**

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Electronic Mail via the Florida Courts E-Filing Portal, as authorized by Fla. R. Jud. Admin. 2.516,

this  19th  day of August 2022 to:

MICHAEL E. DUTKO, JR., ESQUIRE
WILLIAM R. SCHERER, ESQUIRE
THOMAS ARNST, ESQUIRE
Conrad & Scherer, LLP
633 South Federal Highway
Fort Lauderdale, Florida 33301
(954) 462-5500
(954) 463-9244 (Fax)
wscherer@conradscherer.com
mdutko@conradscherer.com
tarnst@conradscherer.com
amaya@conradscherer.com
ekreiling@conradscherer.com
eservice@conradscherer.com

**ATTORNEYS FOR DEFENDANT/
COUNTERCLAIM PLAINTIFF,
TERMINAL VENTURES, LLC**

/s/ Edward A. Dion
EDWARD A. DION

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

6