# Exhibit "K"

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CITY OF FORT LAUDERDALE, a
municipal corporation of the State of Florida,

     Plaintiff,

v.                                   CASE NO.   CACE22011787(5)

TERMINAL VENTURES, LLC, a Florida
limited liability company,

     Defendant.

_____/

TERMINAL VENTURES, LLC, a Florida
limited liability company,

     Counterclaim Plaintiff,

v.

CITY OF FORT LAUDERDALE, a
municipal corporation of the State of Florida,

     Counterclaim Defendant.

_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COUNTERCLAIM**

     Plaintiff/Counterclaim Defendant, CITY OF FORT LAUDERDALE, a municipal

corporation of the State of Florida (the "City"), by and through its undersigned counsel, hereby

files its Answer and Affirmative Defenses to the Amended Counterclaim filed by

Defendant/Counterclaim Plaintiff, TERMINAL VENTURES, LLC, a Florida limited liability

company, and states:

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

1.    Paragraph 1 of the Counterclaim contains Defendant's characterization of this action to which no response is required.  To the extent that a response is required, the City denies the allegations contained therein.

2.    The City admits the allegations contained in Paragraph 2 of the Counterclaim.

3.    The City admits the allegations contained in Paragraph 3 of the Counterclaim.

4.    In response to Paragraph 4 of the Counterclaim, the City asserts that the contents of the Lease Agreement are the best evidence of the matters contained therein and denies any purported summary or excerpt of its contents.

5.    The City admits the allegations contained in Paragraph 5 of the Counterclaim.

6.    The City is without knowledge of the allegations contained in Paragraph 6 of the Counterclaim and therefore denies same.

7.    The City denies the allegations contained in Paragraph 7 of the Counterclaim.

8.    The City denies the allegations contained in Paragraph 8 of the Counterclaim.

9.    The City admits the allegations contained in Paragraph 9 of the Counterclaim to the extent that a meeting took place on March 14, 2022 with the individuals referenced, and denies the remaining allegations contained therein.

10    The City denies the allegations contained in Paragraph 10 of the Counterclaim.

11.    The City denies the allegations contained in Paragraph 11 of the Counterclaim.

12.    The City admits the allegations contained in Paragraph 12 of the Counterclaim to the extent that a draft Third Amendment was sent to Defendant and denies the remaining allegations contained therein.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

13. The City admits the allegations contained in Paragraph 13 of the Counterclaim to the extent that the Third Amendment was not put on the City Commission agenda and denies the remaining allegations contained therein.

14. The City denies the allegations contained in Paragraph 14 of the Counterclaim.

15. The City denies the allegations contained in Paragraph 15 of the Counterclaim.

16. The City admits the allegations contained in Paragraph 16 of the Counterclaim.

17. The City denies the allegations contained in Paragraph 17 of the Counterclaim.

18. The City denies the allegations contained in Paragraph 18 of the Counterclaim.

19. The City admits the allegations contained in Paragraph 19 of the Counterclaim.

20. In response to the allegations contained in Paragraph 20 of the Counterclaim, the City asserts that the contents of the Lease Agreement are the best evidence of the matters contained therein and denies any purported summary or excerpt of its contents.

21. In response to the allegations contained in Paragraph 21 of the Counterclaim, the City asserts that the contents of the Notice of Default are the best evidence of the matters contained therein and denies any purported summary or excerpt of its contents.

22. Paragraph 22 of the Counterclaim contains Defendant's characterization of this action to which no response is required. To the extent that a response is required, the City denies the allegations therein.

23. The City denies the allegations contained in Paragraph 23 of the Counterclaim.

24. The City denies the allegations contained in Paragraph 24 of the Counterclaim.

25. The City denies all allegations contained in Paragraph 25 of the Counterclaim, including all its subparts.

3

26.     The City is without knowledge of the allegations contained in Paragraph 26 of the Counterclaim and therefore denies same.

27.     The City admits the allegations contained in Paragraph 27 of the Counterclaim.

28.     The City admits the allegations contained in Paragraph 28 of the Counterclaim to the extent that Defendant attempted to pay June 2022 rent and the City's return of Defendant's rental payment, and denies the remaining allegations therein.

29.     The City denies the allegations contained in Paragraph 29 of the Counterclaim.  The Complaint for eviction was filed on July 5, 2022.

30.     The City denies the allegations contained in Paragraph 30 of the Counterclaim.

### PARTIES, JURISDICTION, AND VENUE

31.     The City admits the allegations contained in Paragraph 31 of the Counterclaim.

32.     The City admits the allegations contained in Paragraph 32 of the Counterclaim to the extent that this is an action with claims alleged to exceed the jurisdictional amount and is within the jurisdiction of the Court, but denies that Defendant is entitled to any relief.

33.     The City admits the allegations contained in Paragraph 33 of the Counterclaim.

34.     The City denies the allegations contained in Paragraph 34 of the Counterclaim.

### COUNT I – BREACH OF CONTRACT

35.     In response to Paragraph 35 of the Counterclaim, the City realleges each and every response to Paragraphs 1 through 34 as if specifically set forth herein.

36.     The City admits the allegations contained in Paragraph 36 of the Counterclaim.

37.     The City denies the allegations contained in Paragraph 37 of the Counterclaim.

38.     In response to the allegations contained in in Paragraph 38 of the Counterclaim, the City asserts that the contents of the Lease Agreement are the best evidence of the matters contained

NOT AN OFFICIAL COPY · PUBLIC ACCESS · NOT AN OFFICIAL COPY

therein and denies any purported summary or excerpt of its contents. The City denies the remaining allegations contained therein.

39. The City admits the allegations contained in Paragraph 39 of the Counterclaim to the extent that the City returned Defendant's rental payment and denies the remaining allegations contained therein.

40. The City denies the allegations contained in Paragraph 40 of the Counterclaim.

41. In response to the allegations contained in Paragraph 41 of the Counterclaim, the City asserts that the contents of the Lease Agreement are the best evidence of the matters contained therein and denies any purported summary or excerpt of its contents.

42. The City denies the allegations contained in Paragraph 42 of the Counterclaim.

43. In response to the allegations contained in Paragraph 43 of the Counterclaim, the City asserts that the contents of the Lease Agreement are the best evidence of the matters contained therein and denies any purported summary or excerpt of its contents.

44. The City denies all allegations contained in Paragraph 44 of the Counterclaim, including all its subparts.

## COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

45. In response to Paragraph 45 of the Counterclaim, the City realleges each and every response to Paragraphs 1 through 44 as if specifically set forth herein.

46. Paragraph 46 of the Counterclaim alleges mere legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained therein.

5

47. Paragraph 47 of the Counterclaim merely alleges legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained therein.

48. The City denies the allegations contained in Paragraph 48 of the Counterclaim.

49. The City denies the allegations contained in Paragraph 49 of the Counterclaim.

50. The City denies the allegations contained in Paragraph 50 of the Counterclaim.

51. The City denies the allegations contained in Paragraph 51 of the Counterclaim.

52. The City denies all allegations contained in Paragraph 52 of the Counterclaim, including all its subparts.

## COUNT III – INVERSE CONDEMNATION

53. In response to Paragraph 53 of the Counterclaim, the City realleges each and every response to Paragraphs 1 through 34 as if specifically set forth herein.

54. Paragraph 54 of the Counterclaim alleges mere legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained therein.

55. The City denies the allegations contained in Paragraph 55 of the Counterclaim.

56. The City admits the allegations contained in Paragraph 56 of the Counterclaim.

57. The City denies the allegations contained in Paragraph 57 of the Counterclaim and specifically denies Defendant is entitled to any compensation.

58. The City denies the allegations contained in Paragraph 58 of the Counterclaim.

59. The City denies the allegations contained in Paragraph 59 of the Counterclaim, including all its subparts.

## AFFIRMATIVE DEFENSES

The City, without waiving the applicable burdens of proof, asserts the following defenses to the claims for relief alleged in the Counterclaim.

### FIRST AFFIRMATIVE DEFENSE

Section 39(b) of the parties' Lease Agreement provides that if the Defendant provides to the City a copy of a recorded leasehold mortgage **together with** a written notice setting forth the name and address of the leasehold mortgagee, the City must, inter alia, provide the leasehold mortgagee with written notice of Defendant's default.  Prior to the commencement of the eviction action, Defendant had not provided the City with such written notice.  Since the commencement of this action Defendant has attempted to perpetrate a fraud upon this court by sending to the City an undated letter purporting to provide such written notice to the City, copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.  The City received Exhibit "A" on July 25, 2022, 20 days after the commencement of this action.  Pursuant to the tracking history of the United States Postal Service (USPS), a copy of which is attached hereto as Exhibit "B", the subject letter did not arrive at the USPS Regional Facility until July 22, 2022, 17 days after the commencement of this action.  Defendant's actions were clearly intended to lead this Court to believe that it had complied with the condition precedent to make it appear that the City had failed to provide notice to the leasehold mortgagee, in defense of the eviction.

### SECOND AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, based on the doctrine of unclean hands. Defendant induced the City to enter into the subject Lease Agreement by agreeing to construct certain improvements on the leased property.  However, it is apparent from Defendant's absolute lack of progress on the required construction since the inception of the Lease Agreement, including

7

failing to apply for building permits until it was notified of its default, that Defendant never intended to comply with its terms, as amended, but rather intended to flip the Lease Agreement to a willing buyer, which it has been unable to do.

THIRD AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, based on its prior material breach of the Lease, including but not limited to, the obligation of good faith in the performance or enforcement of the Lease.  Defendant's breaches/violations include its failure to pull permits six months after the Lease was commenced as required by Section 38 of the Lease, its failure to provide the City with evidence satisfactory to the City that it performed all of the Phase 2 Improvements which consisted of first floor interior remodeling and exterior improvements consisting of landscaping, painting, and restriping of the parking lot by December 31, 2021 and evidence Defendant has expended a minimum of Six Hundred and Twenty-Five Thousand Dollars ($625,000.00) for the Phase 2 Improvements by January 31, 2022 as required in Section 20(c)(2) of the Lease.

FOURTH AFFIRMATIVE DEFENSE

Defendant has failed to state a cause of action for breach of implied covenant of good faith and fair dealing in whole or in part, because the City has the express right to terminate the Lease in accordance with Section 20(c)(2), after Defendant failed to provide the City with evidence satisfactory to the City that it performed all of the Phase 2 Improvements, which consisted of first floor interior remodeling and exterior improvements consisting of landscaping, painting, and restriping of the parking lot by December 31, 2021, and evidence Defendant has expended a minimum of Six Hundred and Twenty-Five Thousand Dollars ($625,000.00) for the Phase 2 Improvements by January 31, 2022.

8

FIFTH AFFIRMATIVE DEFENSE

The Counterclaim fails to state a cause of action for inverse condemnation because Defendant does not own the private property at issue as the City has lawfully terminated the Lease. The right to inverse condemnation exists when the State, or a corporate entity possessed of the power of eminent domain, has taken private property without lawful authority and without formal exercise of its power of eminent domain. Plaintiff's eviction action is brought under its lawful authority, i.e., pursuant to and in conformity with a valid Lease Agreement wherein the City is the lessor, and the Defendant is the lessee, and as such has no interest in the property at issue.

WHEREFORE, having fully answered Defendant's Amended Counterclaim, the City respectfully requests that this Court enter judgment for possession of the subject property on behalf of the City; enter its Order dismissing the Amended Counterclaim, with prejudice; award the City its costs and a reasonable attorney's fee pursuant to Section 28 of the Lease Agreement; and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Edward A. Dion

EDWARD A. DION
Florida Bar No. 267732
RONNIE ADILI
Florida Bar No. 140473
Nabors, Giblin & Nickerson, P.A.
8201 Peters Road, Suite 1000
Plantation, Florida 33324
(954) 315-0268
edion@ngnlaw.com
radili@ngnlaw.com
legal-admin@ngnlaw.com

**COUNSEL FOR PLAINTIFF**
**CITY OF FORT LAUDERDALE**

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Mail via the Florida Courts E-Filing Portal, as authorized by Fla. R. Jud. Admin. 2.516, this 8th day of September, 2022 to:

MICHAEL E. DUTKO, JR., ESQUIRE
WILLIAM R. SCHERER, ESQUIRE
THOMAS ARNST, ESQUIRE
IRWIN GILBERT, ESQUIRE
Conrad & Scherer, LLP
633 South Federal Highway
Fort Lauderdale, Florida 33301
(954) 462-5500
(954) 463-9244 (Fax)
wscherer@conradscherer.com
mdutko@conradscherer.com
tarnst@conradscherer.com
igilbert@conradscherer.com
ogonzalez@conradscherer.com
amaya@conradscherer.com
ekreiling@conradscherer.com
eservice@conradscherer.com

**ATTORNEYS FOR DEFENDANT/
COUNTERCLAIM PLAINTIFF,
TERMINAL VENTURES, LLC**

/s/ Edward A. Dion
EDWARD A. DION

10