# Exhibit "P"

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CITY OF FORT LAUDERDALE, a
municipal corporation of the State of Florida,

     Plaintiff,

v.                                                  CASE NO.    CACE22011787(5)

TERMINAL VENTURES, LLC, a Florida
limited liability company,

     Defendant.

_____/

TERMINAL VENTURES, LLC, a Florida
limited liability company,

     Counterclaim Plaintiff,

v.

CITY OF FORT LAUDERDALE, a
municipal corporation of the State of Florida,

     Counterclaim Defendant.

_____/

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, CITY OF FORT LAUDERDALE ("City"), by and through its undersigned counsel and pursuant to Fla. R. Civ. P. 1.510, moves this Honorable Court for the entry of a Partial Summary Judgment in its favor on the Affirmative Defense of Defective Notice asserted by Defendant, TERMINAL VENTURES, LLC. This Motion states with particularity the grounds upon which it is based, the substantial matters of law to be argued, and specifically identifies the undisputed material facts upon which the City relies upon to and establishes that there is no genuine

dispute as to any material fact and that the City is entitled to a partial judgment in its favor as a matter of law as to that Affirmative Defense.

## BACKGROUND

On or about February 24, 2020, the City and Defendant entered into a written Lease Agreement for property owned by the City at Fort Lauderdale Executive Airport. Pursuant to Paragraph 2 of the Lease Agreement, the property was to be used as a terminal building for an adjacent Fixed Based Operation. (Complaint, Exhibit 1, p.2). Pursuant to the provisions of Exhibit "B" of the Lease Agreement, Defendant was required to perform the following improvements on the leased premises:

A.   Phase 1 Demolition of the interior of the Building, by May 31, 2020.

B.   Phase 2 Interior Remodeling of the First Floor, exterior improvements consisting of landscaping, painting and restriping of the parking lot, by December 31, 2020, with a minimum amount to be expended on those Improvements of $625,000.00.

C.   Phase 3 Interior Remodeling of the Second Floor, by July 31, 2021, with a minimum amount to be expended on those Improvements of $505,000.00. (Complaint, Exhibit 1, Exhibit "B").

Due to financial constraints caused by the Covid-19 pandemic that affected Defendant, the parties executed a Second Amendment to Lease Agreement, providing, *inter alia*, that Defendant complete Phase 2 by December 31, 2021, and provide evidence to the City that Defendant had expended a minimum of $625,000.00 for those Phase 2 Improvements by January 31, 2022, and complete Phase 3 by July 31, 2022, and provide evidence to the City that Defendant had expended a minimum of $505,000.00 for those Phase 3 Improvements by August 31, 2022. (Complaint, Exhibit 3).

Defendant has filed a Verified Motion for Summary Judgment (the "Motion") in this cause on the grounds that the City failed to provide notice of its default to its mortgagee pursuant to Paragraph 39 of the Lease Agreement.  For the reasons set forth in the City's Response to that Motion and below, that Motion should be denied.

## UNDISPUTED FACTS

1.     Contrary to Defendant's unsupported allegation in its Motion that it has made "substantial investment" in the Leased Premises, Defendant in fact failed to provide evidence to the City that it expended a minimum of $625,000.00 for the Phase 2 Improvements by January 31, 2022, and likewise failed to provide evidence to the City that it had expended a minimum of $505,000.00 for the Phase 3 Investments by August 31, 2022, as required by the Second Amendment to the Lease Agreement.  (Complaint ¶¶ 7, 8; Affidavit of Rufus James).

2.     Paragraph 39 of the Lease Agreement provides, in pertinent part, as follows:

> 39.     RIGHTS OF LESSEE TO MORTGAGE LESSEE'S INTEREST UNDER THIS LEASE AND RIGHTS OF LEASEHOLD MORTGAGEE.
>
> (b)     If the Lessee shall mortgage its leasehold interest and if the holder of the mortgage or pledge shall forward to the Lessor a duplicate original of the mortgage in form proper for recordation, or a copy of the mortgage certified as a true copy by the Office of the Official Records of Broward County, Florida **together with a written notice setting forth the name and address of the leasehold mortgagee**, then, until the time that the leasehold mortgage shall be satisfied of record, the following provisions of this paragraph shall apply.

(Emphasis supplied).

3.     On or about June 28, 2021, a Leasehold Mortgage was forwarded to the City via email.  The email attaching the Leasehold Mortgage did not contain any written notice setting forth the name and address of the leasehold mortgagee.  (Affidavit of Rufus James).

3

4.      On or about July 25, 2022, after the commencement of this action, the City received an undated letter attempting to cure its failure to provide the required written notice as set forth in Paragraph 39 (b) of the Lease Agreement.  (Affidavit of Rufus James).

## LEGAL ARGUMENT

The City generally agrees with the summary judgment standard contained in Defendant's Motion.  The City likewise agrees that "where a contract is clear and unambiguous in its terms, the court may not give those terms any meaning beyond the plain meaning of the words contained therein." *Dows v. Nike, Inc.*, 846 So.2d 595, 601 (Fla. 4th DCA 2003).  Additionally, a court may not rewrite a contact in order to relieve one of the parties from the apparent hardship of an improvident bargain. *Lane, Gelety, Woolsey and Centrone, P.A. Inc. v. Woolsey*, 377 So.2d 743, 745 (Fla. 4th DCA 1979).

The City absolutely agrees that Paragraph 39 of the Lease agreement should be enforced as written.  As written, the Lease Agreement requires the leasehold mortgagee to provide the City with a duplicate original of the mortgage **together with** a written notice setting forth the name and address of the leasehold mortgage.  The words "together with" are synonymous with "in addition to," "as well as," and "along with."  The clear and unambiguous language cited above requires that both documents, the mortgage and the written notice, be provided to the City before the City's obligation to notify the leasehold mortgagee of Defendant's default arises.  A cursory review of Exhibit "B" to the Defendant's Motion, together with Rufus A. James' uncontroverted Affidavit, clearly demonstrate that the required written notice was not provided to the City prior to the commencement of this action.  The pathetic attempt to provide the required written notice at a later date, subsequent to the commencement of this action and by way of an undated letter, is further

evidence that the condition precedent to the City's obligation to provide notice of Defendant's default to the leasehold mortgagee was not satisfied.

Defendant is now attempting to have this Court rewrite the Lease Agreement by arguing that the mortgage contained the name and address of the mortgagee and that the City was "on notice" as a result. The Court cannot ignore the plain language of Paragraph 39(b) of the Lease Agreement. The Court cannot rewrite those clear and unambiguous terms. Close enough is insufficient to allow Defendant to hide behind its (or its mortgagee's) patent failure to comply with the terms of the Lease Agreement. Because Defendant failed to satisfy the condition precedent contained in that Paragraph, the City was not obligated to notify the mortgagee of Defendant's default, and the City is therefore entitled to summary judgment in its favor on Defendant's Affirmative Defense of Defective Notice.

WHEREFORE, Plaintiff, CITY OF FORT LAUDERDALE, prays that this Court GRANT this Motion for Partial Summary Judgment and strike Defendant's Affirmative Defense of Defective Notice, and order such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Edward A. Dion

EDWARD A. DION
Florida Bar No. 267732
Nabors, Giblin & Nickerson, P.A.
8201 Peters Road, Suite 1000
Plantation, Florida 33324
(954) 315-0268
edion@ngnlaw.com
legal-admin@ngnlaw.com

**COUNSEL FOR PLAINTIFF**
**CITY OF FORT LAUDERDALE**

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

Electronic Mail via the Florida Courts E-Filing Portal, as authorized by Fla. R. Jud. Admin. 2.516,

this 17th day of November 2022 to:

Bruce David Green, Esquire
BRUCE DAVID GREEN, P.A.
1313 South Andrews Avenue
Ft. Lauderdale, Florida 33316
bgreen@bdgreenpa.com
service@bdgreenpa.com
(954) 522-8554
**COUNSEL FOR DEFENDANT**
**TERMINAL VENTURES, LLC**

/s/ Edward A. Dion
EDWARD A. DION

6